UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

MARIA MITCHELL

        Plaintiff,                      Case No. 26-          - NI

                                                  Judge

v

UNITED STATES OF AMERICA

        Defendant.

_____/
Gerald R. Skupin (P46110)
Joseph F. Lucas (P29525)
SKUPIN & LUCAS, P.C.
Attorney for Plaintiff
Fairlane Plaza North
290 Town Center Dr., Ste. 324
Dearborn, MI 48126
(313) 961-0425 / 1033 (f)
jskupin@skupinandlucas.com
_____/

## **COMPLAINT**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

Plaintiff states:

1.     Plaintiff is a resident of Genesse County, Michigan.

2.     Defendant operator is a resident of Genesse County, Michigan.

3.     Jurisdiction exists in this Court because of an automobile collision that occurred on December 15, 2019 at approximately 11:20 AM, in Mount Morris Township, Genesse County, Michigan at the intersection of Detroit Street and West Princeton Ave.

4.     The amount in controversy is within the jurisdiction of this Court because

        Plaintiff claims damages more than $75,000.

5. At all relevant times, Defendant was the owner of the small truck (under 10,000 LBS) bearing the Vehicle Identification Number 1GBBS10EXK2306011, which was being operated by an employee of Defendant at the time of this collision on December 15, 2019.

6. At the time of the collision, Plaintiff was the driver of a 1999 Ford Explorer bearing the 2019 Michigan license number DTV8999.

7. The vehicle Plaintiff was driving was traveling south on Detroit Street.

8. At that time and place, Defendant's Employee pulled directly into the path of Plaintiff's vehicle, and the two vehicles collided.

9. Defendant by Defendant's employee owed Plaintiff the following duties of care, *inter alia:*

    a. To obey a traffic control device consistent with MCL 257.611, which in this case was a stop sign;

    b. To yield the right of way appropriately pursuant to MCLA 257.649

    c. To stop at a stop sign pursuant to MCLA 257.649;

    d. To keep Defendant's motor vehicle under constant control;

    e. To attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

    f. To operate the vehicle on the roadway with due diligence and circumspection and not to endanger or be likely to endanger other persons or property including Plaintiff, MCL 257.626c;

    g. To drive said vehicle upon the highway at a careful and prudent speed, MCL 257.627;

    h. To drive the vehicle upon the highway regarding the vehicle driven by Plaintiff as well as the traffic and surface conditions existing at that

    time, MCL 257.627;

i.  To avoid reckless driving pursuant to MCL 257.626;

j.  To not operate the vehicle driven by Defendant carelessly and heedlessly with willful and wanton disregard for the safety and rights of others including Plaintiff, MCL 257.626(2);

k.  To operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1);

l.  To have the vehicle equipped with proper brakes and/or to apply said brakes in a timely fashion, MCL 257.705;

m.  To take all possible precautions to avoid causing a collision with any motor vehicle including the motor vehicle Plaintiff was driving;

n.  To make and/or renew observations of the traffic and surface conditions on the highway;

o.  To avoid careless and negligent driving pursuant to MCL 257.626(b);

p.  To drive with an unobstructed windshield and unobstructed windows pursuant to MCL 257.709;

q.  To drive with due care and caution;

r.  To not commit other acts of negligence and misconduct which are reserved for proof at the time of Trial.

10. As a direct and proximate result of the breach of the duties owed by Defendant by Defendant's employee, the collision occurred, and the injuries stated in this Complaint resulted.

11. As a direct and proximate result of the negligence of Defendant by Defendant's employee, Plaintiff suffered serious injuries and may in the future suffer or may permanently suffer mental anguish, pain and suffering, injuries, and limitations, including serious impairment of body function or

permanent or serious disfigurement and aggravation of any preexisting conditions. Plaintiff's damages include, but are not limited to, the following injuries:

a. Serious injuries to her neck, back, both shoulders, both knees and other parts of her body as well as other related and appreciable difficulties, injuries or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed;

b. Lumbar disc herniation with radiculopathy;

c. Cervical disc disorder with radiculopathy;

d. Head injury with diagnosed cervicalgia;

e. Pain, suffering and mental anguish;

f. Other damages, injuries and consequences that are found to be related to the automobile accident and those that develop during discovery, to the extent the damages are recoverable under the Michigan No-Fault Insurance Act;

## **RELIEF REQUESTED**

Plaintiff asks the Court to award damages against Defendant in whatever amount Plaintiff is found to be entitled to more than $75,000, plus interest, costs, and attorney fees.

Respectfully submitted,

**SKUPIN & LUCAS, P.C.,**

Dated: January 12, 2026

By: */s/ Gerald R. Skupin*
GERALD R. SKUPIN (P46110)
Attorney for Plaintiff
Fairlane Plaza North
290 Town Center Dr., Ste. 324
Dearborn, MI 48126
(313) 961-0425 / 1033 (f)
jskupin@skupinandlucas.com

4